# In the United States Court of Federal Claims

No. 21-1397C

(Filed: June 24, 2021)

| | |
|---|---|
| **M.R. PITTMAN GROUP, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES,** <br><br> Defendant. | Post-award bid protest; ambiguity in solicitation; application of *Blue & Gold*; waiver |

Jonathan S. Forester, Riess LeMieux, LLC, New Orleans, Louisiana, for plaintiff. With him on the briefs was Christopher K. LeMieux, Riess LeMieux, LLC, New Orleans, Louisiana.

Galina I. Fomenkova, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the briefs were Brian M. Boynton, Acting Assistant Attorney General, Martin F. Hockey, Jr., Acting Director, and Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., as well as Jacob Stephens, Assistant District Counsel, U.S. Army Corps of Engineers, New Orleans District, New Orleans, Louisiana.

## OPINION AND ORDER

LETTOW, Senior Judge.

M.R. Pittman Group, LLC ("M.R. Pittman") filed suit in this court on May 25, 2021, protesting the United States Army Corps of Engineers' ("the Corps") award of a contract for the repair of pump units in Plaquemines Parish, Louisiana. *See* Compl., ECF No. 1; *id.* Ex. A at 6, ECF No. 1-1. Pending before the court in this post-award bid protest is plaintiff's application for a temporary restraining order and motion for a preliminary injunction, as well as defendant's motion to dismiss. *See* Pl.'s Mot. for TRO & Prelim. Inj., ECF No. 2; Pl.'s Mem. in Supp. of Mot. for TRO & Prelim. Inj., ECF No. 2-1; Def.'s Resp. & Mot. to Dismiss ("Def.'s Resp."),

ECF No. 8. After briefing on plaintiff's and defendant's motions was completed, *see* Pl.'s Reply, ECF No. 11,[1] the court held a hearing on June 10, 2021.

The court concludes that M.R. Pittman waived its grounds for protest by failing to object to the terms of the solicitation prior to the conclusion of the bidding process. Therefore, plaintiff's motion for a preliminary injunction is DENIED, and defendant's motion to dismiss is GRANTED.

## BACKGROUND

The Corps issued Solicitation No. W912P820B0063 on December 21, 2020 for the repair of pump units at Wilkinson Canal Pump Station in Plaquemines Parish, Louisiana. *See* Compl. Ex. A at 1, 6. This pump station "is the only drainage pump station in the NOV-NF-W-05 Reach of the New Orleans to Venice, Louisiana Project levee, [and] pumps storm water from the area between LaReussite to Myrtle Grove in Plaquemines Parish, Louisiana, including Highway 23." Decl. of Christopher M. Nuccio ¶ 4, ECF No. 8-1. Pump stations such as the one at issue in this case protect "Louisiana residents and infrastructure during hurricane season and other times of significant flooding." *Id.* ¶ 2. While the pump station "is designed to have four pump units with a total pumping capacity of 1,000 cubic feet per second," only two of the units are currently operable. *Id.* ¶ 5. The 50% reduction in operating capacity "means that flood water inundating Plaquemines Parish and Highway 23 takes twice as long to pump out and decreases the time for residents to safely evacuate" in the event of a flood. *Id.* The solicitation calls for the awardee to "inspect, disassemble, remove, repair, reconfigure, re-install, and re-align" the operable and defunct pump units at the station. *See* Compl. Ex. A at 6.

The Corps posted the solicitation for the repair of these pump units on beta.SAM.gov, the governmentwide point of entry providing electronic access to "[g]overnment business opportunities greater than $25,000." *Governmentwide Point of Entry (GPE)*, SAM.GOV, https://sam.gov/cm/glossary/detail?id=286&display=1.[2] The webpage with the link to the solicitation noted, "**This is a 100% Small Business Set Aside procurement.** All Small Business concerns representing itself as such . . . under NAICS Code: 811310 may submit offers." Def.'s Resp. Ex. 1, ECF No. 8-2 (emphasis in original). Despite this description of the solicitation, the Corps omitted NAICS Code 811310 from the solicitation itself. Def.'s Resp. at 3. The omission appears to contradict the Federal Acquisition Regulations, *see* 48 C.F.R. ("FAR") § 19.501(e), which require "[a]ll solicitations involving set-asides, in total or in part, or reserves [to] specify the NAICS code(s) and corresponding size standard(s)," FAR 19.501(e). The solicitation

---

[1] Plaintiff's application for a temporary restraining order was superseded by the parties' subsequent briefing of the motion for a preliminary injunction and the nature of the relief sought. *See AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004) (noting that "the duration of the relief sought or granted" under a temporary restraining order may not exceed ten days).

[2] SAM.gov has since merged with beta.SAM.gov. *See* SAM.GOV, https://sam.gov/content/home (last accessed June 23, 2021).

nonetheless incorporated by reference FAR 52.219-6, "Notice of Total Small Business Set-Aside." Compl. Ex. A at 36.

M.R. Pittman was among four parties who submitted a bid responsive to the solicitation prior to the bid opening date of January 20, 2021. *See* Compl. ¶¶ 9-10. M.R. Pittman's bid was the lowest of all four submitted, *id.* ¶ 10, but the Corps informed the company that it planned to award the contract "to a small business under NAICS Code 811310" and requested that M.R. Pittman update its NAICS code status, *id.* ¶ 11. M.R. Pittman did not qualify as a small business under NAICS Code 811310, however, and the Corps informed the company on January 26, 2021 that it was "ineligible for award." *Id.* Ex. C, ECF No. 1-3. The Corps awarded the contract to J. Star Enterprise, Inc., a small business based in New Orleans, Louisiana. *See M.R. Pittman Grp.*, B-419569, 2021 WL 1812749, at *1 (Comp. Gen. May 5, 2021).

On February 3, 2021, M.R. Pittman filed a bid protest with the Government Accountability Office ("GAO"). Compl. ¶ 14. In arguing that the solicitation could not "be treated as a set-aside for small business concerns," M.R. Pittman noted that the webpage containing the applicable NAICS code "was extrinsic to the final solicitation, and [that] the solicitation did not incorporate the pre-solicitation information by reference." *M.R. Pittman Grp.*, 2021 WL 1812749, at *2. In its decision, GAO emphasized that its "rules for the timely submission of protests . . . specifically require that a protest based upon alleged improprieties in a solicitation that are apparent prior to the closing time for the receipt of bids be filed before that time." *Id.* (citing 4 C.F.R. § 21.2(a)(1)) (additional citations omitted). GAO concluded that the solicitation was "patently ambiguous about whether it was a small business set-aside," *id.*, and it dismissed the protest after holding that M.R. Pittman had "failed to timely challenge" the ambiguity prior to the bid submission deadline, *id.* at *3. M.R. Pittman then filed suit in this court. *See* Compl.

**STANDARDS FOR DECISION**

The Tucker Act vests this court with jurisdiction to "render judgment on an action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). "In exercising jurisdiction under this subsection," the statute mandates that this court "give due regard to . . . the need for expeditious resolution of the action." *Id.* § 1491(b)(3). "Recognition of a waiver rule, which requires that a party object to solicitation terms during the bidding process, furthers this statutory mandate." *Blue & Gold Fleet, L.P. v. United States*, 492 F.3d 1308, 1313 (Fed. Cir. 2007).

M.R. Pittman, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When ruling on the government's motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law."

3

*Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## ANALYSIS

In its response and motion to dismiss, the government asserts that M.R. Pittman waived its opportunity to challenge the solicitation by failing to object prior to the close of bidding. Def.'s Resp. at 5-9. M.R. Pittman counters that the government's argument "hinges entirely on an assumption that FAR 52.219-6(b) was triggered in the solicitation." Pl.'s Reply at 1. Plaintiff contends that "nowhere in the [s]olicitation can the [g]overnment point . . . to any statement that this [s]olicitation is a small business set-aside." *Id.* at 10.

The "waiver rule," as articulated in *Blue & Gold Fleet*, guides this court's decision. In *Blue & Gold*, a ferry operator protested the National Park Service's award of a contract for ferry transportation and concessions at Alcatraz Island. *Blue & Gold*, 492 F.3d at 1311-12. While the ferry operator argued that the National Park Service should have applied the Service Contract Act to the solicitation, *id.* at 1313, the Federal Circuit pointed to the Court of Federal Claims' conclusion "that Blue & Gold knew of the Park Service's longstanding policy, codified by regulation, of not applying the prevailing wage provisions of the Service Contract Act to its concession contracts," *id.* at 1315 (internal quotation marks omitted). The court held that

> a party who has the opportunity to object to the terms of a government solicitation containing a patent error and fails to do so prior to the close of the bidding process waives its ability to raise the same objection subsequently in a bid protest action in the Court of Federal Claims.

*Id.* at 1313. Given that the ferry operator knew of the National Park Service's policy "prior to the closing of the bidding process" and did not demonstrate "good cause to excuse its delay in notifying the government of its objection," the court determined that the company had waived its objection to the terms of the solicitation. *Id.* at 1315-16. Subsequently, the Federal Circuit has held that a "defect in a solicitation is patent" under the *Blue & Gold* waiver rule "if it is an obvious omission, inconsistency, or discrepancy of significance," or "if it could have been discovered by reasonable and customary care." *Inserso Corp. v. United States*, 961 F.3d 1343, 1349 (Fed. Cir. 2020) (citations omitted).

Here, the waiver rule for bid protests adopted by the Federal Circuit forecloses M.R. Pittman's protest. While M.R. Pittman asserts that the omission of NAICS Code 811310 from the solicitation indicates that the solicitation cannot be treated as a small business set-aside, Pl.'s Reply at 5, this argument fails to acknowledge a glaring discrepancy within the solicitation itself. FAR 52.219-6, titled "Notice of Total Small Business Set-Aside," was incorporated by reference in the solicitation. Compl. Ex. A at 36. Despite M.R. Pittman's claim that it was unaware of the

4

defect, *see* Hr'g Tr. 7:16-24 (June 10, 2021),[3] the inconsistency "could have been discovered by reasonable and customary care," *Inserso*, 961 F.3d at 1349, specifically by reading either the pre-solicitation information or the provisions of the FAR incorporated in the solicitation. M.R. Pittman had "the opportunity to object to the terms of" this solicitation "prior to the close of the bidding process," as the Corps' error was apparent from the onset. *Blue & Gold*, 492 F.3d at 1313. To argue that the solicitation "does not state . . . anywhere whatsoever" that it is a small business set-aside, Hr'g Tr. 8:1-2, is to ignore the incorporated FAR regulation, *see* Compl. Ex. A at 36. Plaintiff's failure to object to the omitted NAICS code "prior to the close of the bidding process," *Blue & Gold*, 492 F.3d at 1313, without any indication of "good cause to excuse its delay," *id.* at 1315, precludes this protest.[4]

Allowing M.R. Pittman to proceed with its protest would contravene the Federal Circuit's rationale for adopting a waiver rule. *See Inserso*, 961 F.3d at 1352 ("Enforcing our forfeiture rule implements Congress's directive that courts 'shall give due regard to . . . the need for expeditious resolution' of protest claims.") (quoting 28 U.S.C. § 1491(b)(3)). *Blue & Gold* further highlights the need for this rule:

> In the absence of a waiver rule, a contractor with knowledge of a solicitation defect could choose to stay silent when submitting its first proposal. If its first proposal loses to another bidder, the contractor could then come forward with the defect to restart the bidding process, perhaps with increased knowledge of its competitors. A waiver rule thus prevents contractors from taking advantage of the government and other bidders, and avoids costly after-the-fact litigation.

492 F.3d at 1314. Absent a showing that "bringing the challenge prior to the award [was] not practicable," M.R. Pittman's failure to object prior to the conclusion of the bidding process amounts to a waiver of its protest. *COMINT Sys. Corp. v. United States*, 700 F.3d 1377, 1382 (Fed. Cir. 2012).

## CONCLUSION

For the reasons set forth above, plaintiff's motion for a preliminary injunction is DENIED, and defendant's motion to dismiss is GRANTED. M.R. Pittman's complaint shall be DISMISSED under RCFC 12(h)(3) for lack of subject-matter jurisdiction. The clerk shall enter judgment accordingly.

---

[3] The date will be omitted from further citations to this hearing.

[4] Further, the Corps' omission of NAICS Code 811310 from the solicitation is obvious, *Inserso,* 961 F.3d at 1349, given that the webpage with the link to the solicitation stated that "[t]his is a 100% Small Business Set Aside procurement" and specifically listed the relevant NAICS code, *see* Def.'s Resp. Ex. 1 (emphasis omitted).

5

No costs.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge